UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **JOSE LUIS RODRIGUEZ-VELASQUEZ,** § § § | |
| **Movant,** § § | **CRIMINAL ACTION NO. V-07-1(1)** |
| v. § § | **CIVIL ACTION NO. V-08-19** |
| **UNITED STATES OF AMERICA,** § § | |
| **Respondent.** § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Petitioner Jose Luis Rodriguez-Velasquez's ("Rodriguez-Velasquez") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. No. 26).[1] The Court ordered the Government to respond and the Government filed a motion titled "United States' Motion for Summary Judgment, Pursuant to Movant's Plea Agreement Waiver; and Alternatively, United States' Response and Motion for Dismissal and Motion to Expand the Record to Include Affidavit of Defense Counsel." (Dkt. No. 37). To date, Rodriguez-Velasquez has not filed a response to the Government's motion. After considering the parties' arguments and the applicable law, the Court is of the opinion that Rodriguez-Velasquez's Motion to Vacate, Set Aside, or Correct Sentence should be **DENIED** and the Government's motion should be **GRANTED**.

### Background

On January 24, 2007, Rodriguez-Velasquez was indicted on the charge of being an alien who had previously been denied admission, excluded, deported and removed, knowingly and unlawfully was present in the United States without having obtained consent to reapply for admission into the

---

[1] Citations in this Order refer to Criminal Action No. V-07-1.

country in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (Dkt. No. 8). On March 19, 2007, Rodriguez-Velasquez pled guilty to the sole count in the Indictment. (Dkt. No. 15). As stated by the Memorandum of Plea Agreement, the Government agreed to recommend that Rodriguez-Velasquez receive maximum credit for acceptance of responsibility and a sentence at the lowest end of the applicable guideline range. (*Id.*). The agreement stated that neither the Government, nor any other law enforcement officer, could guarantee what sentence the Court would ultimately impose, and advised Rodriguez-Velasquez that the applicable sentencing guideline range was advisory only. (*Id.*). The agreement also provided that Rodriguez-Velasquez understood that he could receive a sentence of imprisonment of up to twenty years. (*Id.*). Through the agreement, Rodriguez-Velasquez waived his right to appeal or collaterally attack his conviction and sentence. (*Id.*). Based on Rodriguez-Velasquez's Presentence Investigation Report (Dkt. No. 18), to which there were no objections, the Court determined that the applicable sentencing guideline range was seventy to eighty-seven months imprisonment. (*Id.*). On June 18, 2007, the Court sentenced Movant to seventy months incarceration in the Bureau of Prisons, three years supervised release, and a special assessment of $100.00. (Dkt. No. 23). In accordance with the plea agreement, Rodriguez-Velasquez filed no appeal.

### Claims and Allegations

The Court understands Rodriguez-Velasquez to challenge his confinement and sentence on the following grounds:

> (1) Rodriguez-Velasquez's plea of guilty was not entered knowingly, voluntarily, and intelligently;
>
> (2) Rodriguez-Velasquez's sentence was illegal because (a) the Court improperly enhanced his sentence, and (b) his sentence exceeded the maximum authorized by law; and

      (3) Rodriguez-Velasquez's trial attorney rendered ineffective assistance of counsel for failure to appeal.

## Evidentiary Hearing

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record of the case conclusively show that no relief is appropriate.'" *United States v. Samuels*, 59 F.3d 526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *see also Randle v. Scott*, 45 F.3d 221, 226 (5th Cir. 1995) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)) (concluding that if the record is adequate to fairly dispose of the petition, no hearing is required). No evidentiary hearing is required in this case.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## Analysis

Rodriguez-Velasquez's most notable contention is that his guilty plea was not entered knowingly, voluntarily, or intelligently. Rodriguez-Velasquez's claim, however, is constrained by his guilty plea, which is presumptively valid. As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be

collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). A defendant's waiver of his statutory right to collaterally challenge his conviction or sentence with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like the guilty plea itself or a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. McKinney*, 406 F.3d 744, 746-47 & n. 5 (5th Cir. 2005).[2]

The validity of a guilty plea or waiver, however, may be challenged on the grounds that it was made on the constitutionally defective advice of counsel, or that the defendant could not have understood the terms of the bargain he agreed to, if such circumstances directly affect the validity of the waiver or the plea itself. *See id.* "A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing and voluntary so long as a defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). As long as Movant "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982).

As an initial matter, Rodriguez-Velasquez provides almost nothing by way of factual

---

[2] Such waivers, however, do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005). Rodriguez-Velasquez's sentence does not exceed the statutory maximum-that is, the maximum sentence allowed by statute. *See* 8 U.S.C. §§ 1326(a) and 1326(b) (providing for a maximum term of imprisonment of twenty years).

4

allegation to support his claim that he entered into the plea agreement involuntarily. Thus, his claims are conclusory in nature and accordingly fail. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations are insufficient to warrant habeas relief). To the extent Rodriguez-Velasquez puts forth anything in terms of supporting factual allegations, he contends that "his court appointed attorney promised him that he will be sentence [sic] ti [sic] less than 24 months before his guilty plea." (Dkt. No. 26, *Memorandum of Law in Support*, at 11). Thus, the Court understands Rodriguez-Velasquez's claim of involuntariness as being based on his attorney's alleged representation that he would receive a lower sentence than was eventually imposed.

However, the record in the present case overwhelmingly reveals that Rodriguez-Velasquez understood and acknowledged (a) his understanding of the nature of the charges against him, (b) the terms of the plea agreement (including a punishment that could reach up to twenty years imprisonment), (c) that nobody made any promises or other inducements outside the scope of the plea agreement to convince him to plead guilty, (d) that he was waiving his rights to appeal or otherwise collaterally attack his conviction and sentence, and (e) that he otherwise fully comprehended and agreed to the proceedings concerning his guilty plea. (Dkt. No. 33 at 3-14). Specifically, Rodriguez-Velasquez heard and stated that he understood the prosecutor's presentation of the terms of the plea agreement. (*Id.* at 3-6). Rodriguez-Velasquez stated that his counsel had discussed the agreement with him, he understood its contents, and he was satisfied with his counsel's performance. (*Id.* at 8). He avowed that nobody made any promises, outside of those in the plea agreement, to induce him to plea guilty. (*Id.* at 8). He then testified that he signed the agreement voluntarily and understood that the maximum penalty for his offense was twenty years in prison. (*Id.* at 9). He stated that he understood the waiver of his rights, including those pertaining to any potential appeal or collateral

5

attack. (*Id.* at 10-12). The Court instructed the prosecutor to present the facts of the case that the Government could establish to obtain a conviction. (*Id.* at 13-14). After hearing the presented facts, Rodriguez-Velasquez advised the Court that they were true and correct. (*Id.* at 14). The record, in other words, plainly reveals that Rodriguez-Velasquez was advised of the charges against him, as well as the consequences of his plea, and that his decision to plead guilty and waive his rights to appeal and file a collateral attack was voluntary and informed.

The Supreme Court has recognized that the various advantages of the plea bargaining system "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Thus, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 74. Rodriguez-Velasquez's allegations in his federal habeas petition are conclusory and do not overcome this barrier.

Rodriguez-Velasquez's challenge to his guilty plea is not supported by the record and he points to nothing in the record to indicate that his decision to plead guilty was involuntary or unknowing. The Court therefore concludes that Rodriguez-Velasquez's guilty plea was entered knowingly and voluntarily as a matter of law.

Accordingly, given his statements on the record and the plea agreement which he signed, Rodriguez-Velasquez's plea agreement waiver of his right to collaterally attack his conviction or sentence with a § 2255 motion is enforceable.

Because Rodriguez-Velasquez's plea agreement and waiver of appellate and collateral review rights were knowingly, voluntarily, and intelligently entered, the plea agreement bars much of the

instant motion. Pursuant to Rodriguez-Velasquez's plea agreement waiver, the Government is entitled to summary judgment as to all of Rodriguez-Velasquez's claims except for his failure to appeal claim. *See United States v. White*, 307 F.3d 336, 341-43 (5th Cir. 2002); *see also United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007) (although a waiver of appellate and § 2255 rights existed, a defendant could still file a § 2255 motion alleging that his counsel deprived him of his right to appeal).[3]

Rodriguez-Velasquez's sole remaining claim is his entirely vague and conclusory allegation that his court appointed attorney was constitutionally defective by somehow denying Rodriguez-Velasquez the right to appeal and/or failing to file an appeal. Rodriguez-Velasquez merely states in the space provided next to "Ground One" of his motion the following: "Denial of right to effective assistance of Counsel. And Denial of Right to Appeal, Counsel of Record Failed to filed [sic] appeal." (Dkt. No. 26 at 4). Nowhere in the remainder of Rodriguez-Velasquez's motion or his twelve-page Memorandum of Law in Support did Rodriguez-Velasquez revisit the issue even in passing. Rodriguez-Velasquez does not so much as provide a modicum of alleged factual support for the claim. Rodriguez-Velasquez does not allege that he requested an appeal be filed. Similarly, Rodriguez-Velasquez does not allege that his attorney failed to advise him as to his right to appeal. To be clear, aside from the brief and wholly conclusory assertion stated above, Rodriguez-Velasquez has presented the Court with *absolutely nothing* by way of alleged facts to support his denial of right

---

[3] Even if Rodriguez-Velasquez's claims as they pertain to his sentence were not barred by his waiving his right to pursue a collateral attack, they would not, in and of themselves, be subject to collateral review. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000) (claims concerning a district court's technical application of the Sentencing Guidelines are not cognizable in collateral review); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (same); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (same). Similarly, to the extent Rodriguez-Velasquez draws on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), to contend that the Court erred by increasing his punishment under the Sentencing Guidelines based on facts not found by a jury beyond a reasonable doubt, such claims are barred from collateral review by the doctrine of procedural default because Rodriguez-Velasquez failed to raise such grounds on appeal and has not established that he is entitled to an exception from the procedural default doctrine. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

to appeal claim. However, as discussed above, he was fully aware such a right existed and was waived during his guilty plea. Even applying an extremely liberal rule of construction, a purely conclusory statement such as this, posited with no supporting factual allegations, is insufficient to raise a constitutional issue or justify the further adjudication of Rodriguez-Velasquez's claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 & n.2 (5th Cir. 1983). Accordingly, Rodriguez-Velasquez has not shown that he is entitled to relief and his § 2255 motion is in all thing **DENIED**.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Rodriguez-Velasquez must obtain a certificate of appealability ("COA") before he can appeal this Order dismissing his petition. To obtain a COA, Rodriguez-Velasquez must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Rodriguez-Velasquez must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Rodriguez-Velasquez has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is **DENIED**.

### Conclusion

For the foregoing reasons, Movant Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is **DENIED** and the Government's Motion is **GRANTED**.

It is so **ORDERED**.

Signed this 28th day of April, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE